HAWAII LABORERS' TRAINING CENTER, Appellant, *v.*
JOSHUA AGSALUD, Director, Department of Labor and
Industrial Relations, State of Hawaii, Appellee

(CIVIL NO. 61375)

AND

HAWAII LABORERS' TRAINING CENTER, Appellant, *v.*
STANLEY SAMSON, Appellee

(CIVIL NO. 61376)

NO. 8109

SEPTEMBER 3, 1982

RICHARDSON, C.J., LUM, PADGETT, HAYASHI, JJ.,
AND RETIRED JUSTICE MENOR IN PLACE OF
ASSOCIATE JUSTICE NAKAMURA, DISQUALIFIED

*Per Curiam.* This is an appeal from orders entered in two cases in
the circuit court dismissing appeals from a decision of the Director
of the Department of Labor and Industrial Relations, State of Ha-
waii, entered April 10, 1980 and at the same time, affirming that
decision. We affirm the dismissal of the appeals because the decision

of the Director was not an appealable order under § 91-14, HRS, and we reverse the affirmance of the decision of the Director because, in dismissing the appellant's exceptions to the hearing officer's decision without allowing argument in either written or oral form and without considering the record, the Director violated § 91-11, HRS.

The two cases here involved arose from a dispute between Appellee Stanley Samson and his former employer, Hawaii Laborers Training Center, the appellant. Samson was injured on the job and was receiving workers' compensation when he was discharged by the appellant. He claimed that the discharge was because he had filed a claim for workers' compensation and that, therefore, the discharge violated § 378-32, HRS. Accordingly, pursuant to § 378-33, HRS, he filed a complaint with the Department of Labor and Industrial Relations. The matter was assigned to a hearing officer who entered a recommended decision on March 7, 1980. A copy of the decision was mailed to appellant March 13, 1980. The recommended decision held in favor of the appellee on his claim but did not fix the amount to be paid. The decision stated:

> The Complainant's attorney is requested to submit to the Hearing Officer with justification, the amount of back pay due the Complainant within 15 days after receipt of this decision.

However, the hearing officer attached to his decision a statement that any party within 15 days after receipt of the recommended decision could file exceptions and request a review by the director.

Appellant's counsel filed general exceptions within the 15-day period. He contends that he was unable to be specific because of the undisputed fact that he was unable to get the record transcribed within the 15-day period. The Department's regulations (Regulation XXXII, Rule 7(a)) provided in part:

> Each exception shall specify the portions of the record and the authorities relied on to sustain each point.

On April 10, 1980, the Director wrote to appellant's attorney calling attention to that provision of Rule 7(a) of Regulation XXXII and stating

> Therefore, I cannot hear your exceptions because they do not conform to Rule 7(a) of Regulation XXXII. You are hereby informed that I have approved the Hearing Officer's Recommended Decision as my final decision.

> Should you feel aggrieved by my final decision, you have the

right to judicial review as provided by Section 14 of Chapter 91, HRS.

The appellant then filed the two instant actions, one being an appeal against the claimant and the other an appeal against the Director. On September 3, 1980, the court below, in Civil No. 61375, entered an order dismissing that action, affirming the decision of the Director of the Department of Labor and Industrial Relations and dismissing the appeal. On the same day, in Civil No. 61376, it entered an order denying a motion to dismiss that action, affirming the decision of the Director of the Department of Labor and Industrial Relations and dismissing the appeal. This appeal followed.

Section 91-14, HRS, provides in part:

Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; . . .

The decision of the Director which was appealed to the circuit court did not determine the amount of compensation. That had been left open by the hearing officer for the receipt of further evidence. That being so, the decision appealed from was not an appealable order under § 91-14, HRS. Accordingly, the appeals should have been dismissed on that ground.

The court below, however, went further than the simple dismissal of the appeals and affirmed the decision of the Director. Section 91-11, HRS, provides:

Whenever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision containing a statement of reasons and including determination of each issue of fact or law necessary to the proposed decision has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties.

Obviously, on the face of the record in this case, the Director did not

follow the statutory command that he allow the appellant to present argument to him. He refused to consider the exceptions at all because of a claim that the Department's Chapter XXXII, Rule 7(a) had not been complied with.

The appellant's attorney, however, had filed broad, general exceptions within the period required and he had stated in his exceptions that he reserved the right to file further exceptions when the transcript was available and when he had received the claim for back pay from the complainant's attorney. It is clear from the record that a transcript was not available to him within the 15-day period for the filing of exceptions. Moreover, it is also clear that further proceedings were anticipated before the hearing officer. The Director, despite the command of the statute that the party be allowed to present argument and that the Director consider the whole record in passing upon the exceptions, refused to even consider them because of a strict literal interpretation of Chapter XXXII, Rule 7(a) of the Department's regulations.

The Administrative Procedure Act is a remedial statute designed to give citizens a fair opportunity to be heard before the official of the agency who is charged with passing on that case. The Department violated that design in this case by refusing to follow the provisions of § 91-11. Appellant, having timely filed exceptions, was entitled to the opportunity to present argument in written or oral form in support of its exceptions and to have those exceptions considered on their merits based on the record. Accordingly, those portions of the orders of the circuit court affirming the decision of the Department are reversed.

The case is remanded to the circuit court with instructions to dismiss the appeals and to remand the matter to the Department of Labor and Industrial Relations.

We have carefully considered appellant's other claims of error and find them without merit.

Affirmed in part, reversed in part and remanded.

*Raymond Lee* for appellant.

*Juliette Sarmiento, (Barbara Ann T. Motoyama* on the brief), Deputy Attorney General, for appellee, Agsalud.

*Lowell K. Y. Chun-Hoon (King & Nakamura* of counsel) for appellee, Samson.